## CHASE *v.* KENT.

A writ of attachment may be served by copy of the writ when no attachment is made.*

WRIT OF ENTRY. The writ commanded the officer to attach the goods or estate of the defendant, and summon him. The officer made no attachment, but gave the defendant a true and attested copy of the writ, and made return of such service. The defendant moved to dismiss for want of sufficient service.

*Carpenter & Carpenter*, for the defendant. I. There is no legal evidence that any service whatever was made. The giving of the copy was no part of the sheriff's duty. It was extra-official, and the return is not evidence of the fact. *Arnold* v. *Tourtellot*, 13

---

*By c. 22, Laws of 1883, in any case brought in any court, process may be served and notice given by duly attested copy.

Pick. 172. Of matters not material or necessary to be returned, the sheriff's return is not even *prima facie* evidence. *Angier* v. *Ash*, 26 N. H. 106.

II. The service was insufficient because not made in accordance with the precept. "An officer's power to act under a writ is derived solely from the mandates contained in it, and is limited to the doing of those acts which he is therein commanded to do." "It is not enough, to render the act of an officer valid in any given instance, that the law allows such a thing to be done under an appropriate precept: it must further appear that he was acting under such a precept in that instance." *Bryant* v. *Warren*, 51 N. H. 215; *Bank* v. *Goodall*, 41 N. H. 81. "Here the plaintiff elected this writ of attachment, and he was bound to proceed with it in the manner prescribed." *Webster* v. *Edson*, Smith (N. H.) 370. The precept here commanded the officer to attach the defendants' property "and summon him," *i. e.*, give him a "summons in the form prescribed" by law. He was not ordered to "attach * * or summon," but to "attach * * and summon." There was no alternative. He could not legally disregard either command,—much less both, as he did.

1. An attachment is an indispensable part of the service of such a writ. The precept peremptorily requires it; all the forms in the several editions of the Justice and Sheriff require it; practice for nearly a century requires it. Writs of attachment are in fact served in part by the attachment. A writ upon which an attachment has been made is so far served that it cannot be again used, even between the same parties. *Parsons* v. *Shorey*, 48 N. H. 550. As attachment of the property of non-residents is a necessary part of the service, to be completed by publication, so attachment of the property of residents is a necessary part of the service, to be completed by leaving a summons. For the necessity of an attachment, see *Guild* v. *Richardson*, 6 Pick. 368, *Nelson* v. *Swett*, 4 N. H. 258, and *Rand* v. *Sherman*, 6 N. H. 29. The latter case has no significance whatever, if writs of attachment can be served like writs of summons. The universal custom of returning a nominal attachment when no actual attachment is made, is recognized by Gen. Laws, *c.* 290, *s.* 15, by rule of court No. 72, and by numerous cases in this state and in Massachusetts.

2. The only legal and valid way of notifying this defendant, under this precept, to answer to this writ of attachment, was by giving him a summons, under seal of the court, signed by the clerk, and endorsed with the officer's name and office. Precept, statute, and custom are equally explicit,—so explicit that apparently no officer ever thought before of serving such a writ in any other way.

(1) Writs of attachment, from 1791 to 1841, were writs of "*capias* and attachment." The precept required the officer to arrest, or to attach and summon. In providing for the service of such writs in 1791, in language which has remained unchanged to

this day, the legislature said " when the goods * * are attached, a summons " shall be left. This was a shorter form of saying what they of course meant, viz., " When the defendant·is not arrested, the writ shall be served by attaching * * and leaving a summons." This construction has received the sanction of ninety years' usage, and any other would render idle and nugatory the action of the legislature in providing the separate writ of summons, which has been inserted at length in every compilation of our laws since 1791. The.writ of attachment could otherwise have answered every purpose. Is service by summons proper only when there is an actual attachment, as the plaintiff claims? Then thousands of writs with nominal attachments have been served illegally, and where default was made the judgments can now be reversed upon writs of error.

(2) The legal mode of notifying this defendant then was by a summons in the form prescribed by Gen. Laws, *c.* 222, *s.* 19, and and *c.* 223, *s.* 3. Can the actual notice which he had do away with the necessity for legal notice? " It is not enough that the defendant has had notice of the suit : if he has not had notice in the manner the statute prescribes, it is error." *Foster* v. *Hadduck*, 6 N. H. 217 ; *Hayward* v. *Hartshorn*, 3 N. H. 198. " The requisition of the statute must be literally and strictly complied with." *Bugbee* v. *Thompson*, 41 N. H. 185. " A summons was the proper and only legal paper to be left, and this service of a copy * * * was a mere nullity." *Kendrick* v. *Kimball*, 33 N. H. 485. The exact converse of the case at bar is found in *Sleeper* v. *Baptist Association*, 58 N. H. 27, where the action was dismissed because service was made by summons when it should have been made by copy. To the same effect is *Kent* v. *Lee*, 9 Gray 45. To hold that actual notice is sufficient, is to hold that process may be served by any person, in any way, and at any time. Sheriffs may be dispensed with, the statute ignored, custom disregarded.

· III. The service of this writ by copy was a mere evasion of Gen. Laws, *c.* 290, *s.* 15, and rule of court No. 72, which provide that no fee shall be charged for a nominal attachment. For this reason, if for no other, the writ should be quashed and the evasion discountenanced. The officer by this mode of service gets a dollar for the copy, in addition to the same fee for service which he would have had for leaving a summons. That dollar the legislature and the court intended the officer should not have. If our motion is denied, nominal attachments will be done away with. Hereafter service will be invariably made by copy.

*G. W. Chapman*, for the plaintiff.

DOE, C. J. The writ was legally served.

*Motion denied.*

CARPENTER, J., did not sit : the others concurred.